IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE R. JOHNSON, | |
| Plaintiff, | CIVIL ACTION |
| v. | COMPLAINT 1:18-cv-00652 |
| JPMORGAN CHASE BANK, N.A., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES, CHRISTINE R. JOHNSON, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, JPMORGAN CHASE BANK, N.A., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the TCPA claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

### PARTIES

4. CHRISTINE R. JOHNSON ("Johnson") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 17379 Oleander Avenue, Tinley Park, Illinois 60477.

1

5. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase") provides various banking and other financial services to corporate, institutional, and governmental clients in the United States and internationally. The company offers noninterest-bearing deposits, interest-bearing time deposits, savings accounts, and market deposits. It also provides consumer loans, such as residential mortgages, home equity loans and lines of credit, auto loans, business banking loans, and student and other loans; and home equity loans secured by junior liens, prime mortgage loans, and payment option loans. In addition, the company offers credit card loans; and wholesale loans to various customers, such as corporate and institutional clients, and high-net-worth individuals, as well as investment banking, financial transactions processing, and asset management services. It has retail branches in 23 states. The company is based in Columbus, Ohio. JPMorgan Chase Bank, National Association is a subsidiary of JPMorgan Chase & Co.

**FACTUAL ALLEGATIONS**

6. In August, 2014, Johnson obtained an automobile loan ending in 4215 to finance the purchase of a 2008 Chevrolet Impala LS Sedan 4D, VIN# 2G1WT55NX89225653.

7. Upon information and belief, Johnson provided Chase with her then cellular telephone number ending in 2302 at the time she applied for the automobile loan.

8. In October, 2015, Johnson obtained a new cellular telephone as well as a new cellular telephone number ending in 6818.

9. In September, 2017, as result of unforeseen reduction of income, Johnson defaulted on the automobile loan.

10. On December 17, 2017, Chase began placing collection calls to Johnson in an effort to collect the automobile loan.

11. Johnson answered and was greeted by a noticeable period of "dead air" while Chase's dialing system sought to connect Johnson to a live representative.

12. Johnson advised the Chase representative of unforeseen reduction of income, her inability to pay, and politely requested that they stop calling.

13. Further, Johnson questioned the Chase representative as to the manner in which they obtained her cellular telephone number ending in 6818.

14. Upon information and belief, Chase obtained Johnson's cellular telephone number ending in 6818 through a method known as "skip tracing."

15. Johnson's demand that Chase cease calls to her cellular telephone fell on deaf ears as Chase continued to place collection calls to Johnson's cellular telephone number ending in 6818.

16. In total, Chase placed no less than 15 unconsented-to collection calls to Johnson's cellular telephone ending in 6818 after she asked that the calls cease.

17. Upon information and belief, Chase placed the collection calls to Johnson's cellular telephone number ending in 6818 using a predictive dialer, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted automobile loan accounts.

18. Chase placed calls to Johnson's cellular telephone number ending in 6818 from the number (800) 388-4223.

19. At all times relevant, Johnson was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6818.

20. At all times relevant, Johnson was financially responsible for her cellular telephone equipment and services.

## DAMAGES

21. Chase's collection calls have severely disrupted Johnson's everyday life and overall well-being.

22. Chase's collection calls have resulted in intrusion and occupation of Johnson's cellular services, thus impeding receipt of other calls.

23. Chase's collection calls have resulted in unnecessary depletion of Johnson's cellular battery requiring her to incur electricity charges to recharge her cellular telephone.

24. Chase's phone harassment campaign and illegal collection activities have caused Johnson actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Johnson's cellular telephone capacity, wasting Johnson's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. Concerned about the violations of her rights and invasion of her privacy, Johnson sought counsel to file this action to compel Chase to cease its unlawful conduct.

## COUNT I – VIOLATION(S) OF THE TELEPHONE CONSUMER PROTECTION ACT

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Chase placed or caused to be placed non-emergency calls, including but not limited to the aforementioned collection calls, to Johnson's cellular telephone number ending in 6818 utilizing an automatic telephone dialing system ("ATDS") without Johnson's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

29. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

30. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

31. Upon information and belief, based on the lack of prompt human response during the collection call Johnson answered, Chase employed a predictive dialer to place collection calls to Johnson's cellular telephone number ending in 6818

32. Upon information and belief, the predictive dialing system employed by Chase transfers the call to a live representative once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

33. Chase violated the TCPA by placing no less than 15 phone calls to Johnson's cellular telephone number ending in 6818 from December 17, 2017 through the present day utilizing an ATDS without Johnson's consent.

34. As pled above, Chase obtained Johnson's cellular telephone number ending in 6818 through a method known as "skip tracing;" and therefore, did not have consent to place calls to Johnson's cellular telephone number ending in 6818.

35. As pled above, Johnson was severely harmed by Chase's collection calls to her cellular telephone.

36. Upon information and belief, Chase has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular telephones.

37. Upon information and belief, Chase knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Johnson's expense.

38. Chase acted through its agents, employees, and/or representatives at all times relevant.

39. As a result of Chase's violations of 47 U.S.C. § 227 *et seq.*, Johnson is entitled to receive no less than $500.00 in statutory damages, for each and every violation.

40. As a result of Chase's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Johnson is entitled to receive no less than $1,500.00 in statutory damages, for each and every violation.

***THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK***

WHEREFORE, Johnson requests the following relief:

a. find that Chase violated the TCPA;

b. enjoin Chase from placing any further calls to Johnson's cellular telephone number ending in 6818 in the future;

c. award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and

d. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

January 29, 2017

Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Christine R. Johnson*